UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-cr-0080-SEB-MJD-1 |
| | ) | |
| PARIS JOVON STRAUGHTER, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On February 4, 2015, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 21, 2014. Defendant Straughter appeared in person with his retained counsel, Jeff Baldwin. The government appeared by Winfield Ong, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tim Hardy.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.  The Court advised Defendant Straughter of his rights and provided him with a copy of the petition. Defendant Straughter waived his right to a preliminary hearing.

2.  After being placed under oath, Defendant Straughter admitted the violations. [Docket No. 19.]

3.  The allegations to which Defendant admitted, as fully set forth in the petition, are:

**Violation**
**Number**      **Nature of Noncompliance**

   1       **"The defendant shall not commit another federal, state, or local crime."**

On June 4, 2014, Paris Javon Straughter was charged with Synthetic Identity Deception, Class D felony, under cause number 45D09-1408-FD-00142, in Lake County, Indiana. According to the Charging Information, the offender possessed or used the identifying information of another person with the intent to assume the person's identity. His initial court appearance on the above case is set for October 14, 2014.

2 **"The defendant shall not commit another federal, state, or local crime."**

On July 31, 2014, Paris Javon Straughter was arrested for Possession of a Handgun With No Permit and Operating While Intoxicated, under cause number 45D09-1408-CM-00693, in Lake County, Indiana. On August 1, 2014, the offender posted a $1,000 bond and was released. No further information was available regarding the offender's next court appearance.

3 **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."**

On June 4, 2014, the offender was detained and questioned by law enforcement at the Ameristar Casino in East Chicago, Indiana. He was released by authorities that same day. The offender failed to notify the probation officer of his questioning by law enforcement within seventy-two hours.

On July 31, 2014, the offender was arrested for Possession of a Handgun With No Permit and Operating While Intoxicated in Lake County, Indiana. On August 1, 2014, he posted bond and failed to notify the probation officer of the arrest within seventy-two hours.

4 **"The defendant shall not leave the judicial district without permission of the court or probation officer."**

On June 4, 2014, the offender was detained and questioned by law enforcement in East Chicago, Indiana, in the Northern District of Indiana. The offender did not have permission from the probation officer to leave the judicial district.

On July 31, 2014, the offender was arrested for Possession of a Handgun With No Permit and Operating While Intoxicated in Lake County, Indiana. The offender did not have permission from the probation officer to leave the judicial district.

5 **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."**

On August 12, 2014, the probation officer instructed the offender to the report to the office for a scheduled office visit on August 14, 2014. The offender failed to report to the probation officer as directed. The offender was since failed to contact the probation officer and his whereabouts are currently unknown.

6 **"The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons."**

The offender has failed to obtain gainful employment during his term of supervised release.

7 **"The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the terms of supervised release."**

The offender has failed to pay the minimum scheduled payment of $20 a month toward his financial obligation. As of August 18, 2014, his restitution balance is $85,306.74. During his term of supervision, the offender has made three payments toward his financial obligation totaling $255.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is III.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

5. The parties jointly recommended a sentence of 12 months and 1 day with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 12 months and 1 day with no supervised released to follow. The Court will recommend placement at FCC Terre Haute or FCI Pekin.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 2/9/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal